UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARC ATTAR,

                Petitioner,

-against-

DAN GLASS, WILLIAM C. GERHAUSER,
WILLIAM H. GERHAUSER and
ROTHSCHILD GLOBAL INVESTMENTS,
INC.

                Respondents.

No. 99-CV-10349 (LAP)

OPINION & ORDER

LORETTA A. PRESKA, Senior United States District Judge:

Before the Court is Respondents William C. and William H. Gerhausers' motion to vacate the judgment and dismiss the action. (Dkt. no. 21 ("Motion to Vacate").) Petitioner Marc Attar opposes the motion.[1] For the reasons below, the motion to vacate the judgment and dismiss the action is GRANTED.

I. **Background**

This case concerns the service of process necessary in an action to confirm an arbitration award. On June 28, 1996, Petitioner initiated arbitration proceedings before the National Association of Securities Dealers (NASD) seeking damages for the

---

[1] See Petitioner Marc Attar's Memorandum of Law in Opposition to Respondents' William C. and William H. Gerhauser's Motion to Vacate the Judgment and Dismiss the Action ("Opp."), dated August 29, 2022 [dkt. no. 24].

1

alleged negligent administration of his investment and pension accounts at Rothschild Global Investments ("RGI").  William H. and William C. Gerhauser were employees at RGI at the time.  On October 12, 1998, the NASD arbitrators awarded Petitioner $300,000 against William H. Gerhauser, among others.  (Dkt. no. 21-3 at 4.)

On October 7, 1999, Petitioner filed in this Court an application and notice to confirm the arbitration award.  (Dkt. no. 1 ("Application").)  On November 23, 1999, the Court issued an order to show cause why an arbitration award should not be confirmed.  (Dkt. no. 2 ("Order to Show Cause").)  The Order to Show Cause provided that "service of a copy of this order, and of the papers on which it is granted, by overnight mail service, on Respondents, within thirty days of the execution of this order, shall be sufficient service of this order."  (Id. at 2.) The Court further ordered the Respondents to respond to the Application before January 7, 2000.  (Id.)  Neither Respondent made an appearance in opposition to the Petitioner's motion nor did either one file any opposing papers.  (Motion to Vacate at 3.)

On January 13, 2000, the Court issued an order pursuant to 9 U.S.C. § 10 confirming the award of the arbitration panel. (Dkt. no. 3 ("Confirmation").)  On May 10, 2000, the Court

2

issued judgment in the amount of $453,307.08, including
$153,307.08 in interest.  (Dkt. no. 5 ("Judgment").)  On June
16, 2000, Petitioner filed an affidavit of service that stated
he had served the Court's May 10, 2000 judgment upon the
Respondents by mailing the order through ordinary mail to
William H. Gerhauser at an address in the United Kingdom and to
William C. Gerhauser at the address of his attorney, Daniel
Dugan.  (Dkt. no. 6 ("Affidavit of Service").)

On January 7, 2015, Petitioner Marc Attar filed a letter
with the Court requesting that the judgment be extended so that
he could leave the proceeds to a beneficiary -- his son Alan
Attar -- upon his passing.  (Dkt. no. 7.)  On February 4, 2015,
the Court issued an order extending the judgment until May 10,
2040.  (Dkt. no. 9.)  On August 20, 2020, the Court assigned the
judgment to Alan Attar.  (Dkt. no. 11.)

The Respondents assert that Petitioner failed to serve them
with the Application and the Order to Show Cause in 1999.  Mr.
Dugan, counsel for the Respondents in the original arbitration
and the present case, declares that he "was never served with
nor ever received any copies of the documents arising out of the
actions taken in this Court, including Petitioner's initial
Application to Confirm the Arbitration and subsequent letters to
the Court, this Court's Orders to Show Cause, and the Judgments

3

issued in this action."  (Dkt. no. 21-2 ("Dugan Declaration") at
2.)  Mr. Dugan declares that if he had received copies of these
documents, he would have notified the Gerhauser Respondents.
Mr. Dugan declares that the first notice the Respondents had of
the instant action "occurred as the result of Alan Attar
recently engaging attorneys in the United Kingdom to make
collection efforts against William H. Gerhauser."  (Id.)

Similarly, Respondent William H. Gerhauser declares that he
"never received any notice after Marc Attar filed this action in
federal court in New York 23 years ago."  (Dkt. no. 25-1
("William H. Gerhauser Declaration") at 2.)  Mr. Gerhauser
further declares that the first notice he had regarding this
action occurred when attorneys for Petitioner contacted him in
the United Kingdom.  (Id.)

## II.  **Legal Standards**

### a. **Fed. R. Civ. P. 60(b)(4)**

Rule 60(b)(4) authorizes courts to "relieve a party . . .
from a final judgment" when "the judgment is void."  Fed. R.
Civ. P. 60(b)(4).  "[A] void judgment is one so affected by a
fundamental infirmity that the infirmity may be raised even
after the judgment becomes final."  United Student Aid Funds,
Inc. v. Espinosa, 559 U.S. 260, 270 (2010).  Rule 60(b)(4)
applies "where a judgment is premised either on a certain type

4

of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." Id. at 271; see also City of N.Y. v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 138 (2d Cir. 2011) ("A judgment is void under Rule 60(b)(4) . . . if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." (citation omitted)).

"[A] judgment may be declared void for want of jurisdiction only when . . . there is a total want of jurisdiction and no arguable basis on which [the court] could have rested a finding that it had jurisdiction." Cent. Vt. Pub. Serv. Corp. v. Herbert, 341 F.3d 186, 190 (2d Cir. 2003) (citation omitted). Relief under Rule 60(b)(4) "is not discretionary and a meritorious defense is not necessary as on motions made pursuant to other Rule 60(b) subsections." Am. Inst. of Certified Pub. Accts. v. Affinity Card, Inc., 8 F. Supp. 2d 372, 375 (S.D.N.Y. 1998).

### b. **Personal Jurisdiction**

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." Omni Cap. Int'l v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987). "[A] judgment obtained by way of

defective service is void for lack of personal jurisdiction and must be set aside as a matter of law". Am. Inst. of Certified Pub. Accts., 8 F. Supp. 2d at 375. When the judgment at issue is void for lack of jurisdiction, "it is a per se abuse of discretion for [the] district court to deny [the] movant's motion to vacate the judgment under Rule 60(b)(4)." Burda Media, Inc. v. Viertel, 417 F.3d 292, 298 (2d Cir. 2005) (citation omitted).

### c. Federal Arbitration Act, 9 U.S.C. § 9

9 U.S.C. § 9 provides in relevant part that

> [n]otice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding. . . . If the adverse party shall be a nonresident, then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court.

## III. Discussion

### a. Standard for Service of Process under 9 U.S.C. § 9

In this case, the service of process was defective, making the Court's Judgment void because the Court lacked personal jurisdiction over the Respondents. See Am. Inst. of Certified Pub. Accts., 8 F. Supp. 2d at 375. Section 9 conditions the Court's jurisdiction to hear confirmation actions

6

upon the Petitioner's serving the adverse party with the
application to confirm the arbitration award.  Petitioner failed
to serve the Respondents with the Application.  (See Affidavit
of Service at 1 (noting that "deponent served the within
JUDGEMENT (sic.) WITH NOTICE OF ENTRY".))  In similar cases
concerning civil actions initiated in federal court, this Court
has dismissed actions where the initiating party has failed to
serve some of the documents required under Federal Rule of Civil
Procedure 4.  See, e.g., Osrecovery, Inc. v. One Group Intern,
Inc., 234 F.R.D. 59, 61 (S.D.N.Y. 2005) (dismissing an action
because plaintiffs' failure to serve a summons constituted
ineffective service of process).  Petitioner failed to serve
Respondents with the documents identified in Section 9, and
service was therefore defective.

Petitioner argues that the service he completed on June 16,
2000 –- mailing the Court's Judgment to William H. Gerhauser at
his U.K. address –- complied with the requirements of Section 9.
According to Petitioner, the language "in like manner as other
process of the court" in Section 9 includes the processes set
forth in FRCP 4(f)(1) and 4(f)(3).  Petitioner argues that
service by mail could be effective under either the Hague
Convention on the Service Abroad of Judicial and Extrajudicial
Documents, Article 10(a) or under the standard set out in the

Court's Order to Show Cause.  However, Article 10(a) of the
Hague Convention does not supersede the text of Section 9, which
requires that "<u>notice of application</u> shall be served . . . ."
(emphasis added).  Petitioner's later attempted service by mail
of the Court's Judgment did not include notice of Petitioner's
Application.  Additionally, Petitioner's service of the Judgment
by ordinary mail did not meet the standard of service
articulated in the Court's Order to Show Cause, which required
"service of a <u>copy of this order, and of the papers on which it
is granted, by overnight mail service</u>."  <u>Id.</u> at 2.  Therefore,
the service could not have been effective under Section 9.

Because service was defective, this Court did not have
jurisdiction over Mr. Gerhauser when the Court issued its
Judgment.  Therefore, the Judgment is void as to William H.
Gerhauser.

### b. <u>Vacating Final Judgment under Rule 60(b)(4)</u>

Rule 60(b)(4) authorizes courts to "relieve a party . . .
from a final judgment" when "the judgment is void."  Fed. R.
Civ. P. 60(b)(4).  However, relief under Rule 60(b)(4) "is not
discretionary and a meritorious defense is not necessary" for
the movant to be entitled to relief.  <u>Am. Inst. Of Certified
Pub. Accts.</u>, 8 F. Supp. 2d at 375.  When the judgment at issue
is void for lack of jurisdiction, "it is a <u>per se</u> abuse of

discretion for [the] district court to deny [the] movant's
motion to vacate the judgment under Rule 60(b)(4)." Burda
Media, 417 F.3d at 298.  Here, the underlying judgment in
question is void for lack of jurisdiction.  Therefore, the Court
must grant Respondents' motion to vacate the judgment and
dismiss the action.

Petitioner argues that there is no basis for vacating the
judgment because the Respondents had actual notice of the
proceeding.  (See Opp. at 6–7.)  The only evidence of notice
that Petitioner offers is the affidavit of service, which states
that Petitioner mailed Respondents the Judgment.  Both Daniel
Dugan and William H. Gerhauser have submitted declarations
stating that they never received any documents regarding this
action from Petitioner and that they received their first notice
regarding the action when Alan Attar recently engaged attorneys
in the United Kingdom to make collection efforts from William H.
Gerhauser.  Respondents' failure to respond to the Court's Order
to Show Cause and failure to appear in opposition to
Petitioner's Application is consistent with their assertion that
they were never notified of the action.  Petitioner has failed
to offer any additional evidence of his attempts to serve
Respondents as required under Section 9 or as contemplated in
the Court's Order to Show Cause despite ample time to do so.

Given these facts, the Court finds that Respondents lacked
actual notice of the confirmation proceedings.  Therefore, the
Court must grant Respondents' motion to vacate the judgment and
dismiss the action.

### c. **Proper Relief under Rule 60(b)(4)**

Petitioner further argues that even if the Court vacates
the Judgment due to defective service, the action should not be
dismissed.  Instead, Petitioner urges the Court to grant leave
to Petitioner to re-serve Respondents.  As support for this
proposition, Petitioner primarily relies on In re Arbitration
Between Intercarbon Bermuda, Ltd. and Caltex Trading & Transp.
Corp., 146 F.R.D. 64, 67–68 (S.D.N.Y. 1993).  In that case, the
Court denied a motion to dismiss the petition for confirmation
of an arbitration award despite technical defects in service
because such defects may be "excused where considerations of
fairness so require, at least in cases that arise pursuant to
arbitration proceedings."  Id. at 68.

In Intercarbon, "jurisdiction over the arbitration [was]
clear", and though "imperfect," the "notice [was] sufficient to
apprise the opposing party of the action being taken."  Id. at
71 (emphasis added).  Indeed, Intercarbon's attorneys mailed
notice of their petition to vacate the arbitration award to the
opposing party Caltraport's attorneys, and Caltraport's

attorneys received the notice.  Id.  Given these facts, the
Court found that Caltraport had suffered "no significant
prejudice by InterCarbon's failure to adhere to proper methods
of service."  Id.  The Court continued: "Service of process by
InterCarbon was defective in form only; Caltraport received
timely notice of the petition to vacate."  Id.

   The facts regarding notice and prejudice in the present
case could not be more different from those presented in
Intercarbon.  Here, the Respondents declare that they did not
receive any documents regarding the case from Petitioner and
that they had no notice of the proceedings until Petitioner
attempted to collect on a judgment entered more than twenty
years ago.  Because Petitioner's defective service failed to
notify Respondents of the present case, considerations of
fairness weigh in favor of dismissing the action.

**IV.  Conclusion**

   For the foregoing reasons, the motion to vacate the
judgment and to dismiss the action [dkt. no. 21] is GRANTED. The
Clerk of the Court shall mark this action closed and all pending
motions denied as moot.

SO ORDERED.

Dated:      November 21, 2022
            New York, New York

LORETTA A. PRESKA
Senior United States District Judge

12